UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| Zhaoyuan Junbang Trading Co., Ltd., Linyi Yuwang Vegetable Protein Co., Ltd., Shandong Yuwang Ecological Food Industry Co., Ltd., Fenchem Biotek Ltd, Jianyuan International Co., Ltd., Yosin Biotechnology (Yantai) Co., Ltd., and Yosin Import and Export (Yantai) Co., Ltd.<br><br>Plaintiffs,<br><br>v.<br><br>United States. | Court No. 24-00179<br><br>Complaint |

# COMPLAINT

Plaintiffs Zhaoyuan Junbang Trading Co., Ltd., Linyi Yuwang Vegetable Protein Co., Ltd., Shandong Yuwang Ecological Food Industry Co., Ltd., Fenchem Biotek Ltd, Jianyuan International Co., Ltd., Yosin Biotechnology (Yantai) Co., Ltd., and Yosin Import and Export (Yantai) Co., Ltd, by and through their attorneys, alleges and states the following claims against the defendant United States.

## JURISDICTION

1. This action is brought pursuant to the authority of 19 U.S.C. §1516a(a)(2)(A)(i)(I), 19 U.S.C. §1516a(a)(2)(B)(iii), and 28 U.S.C. §1581(c) to contest the antidumping duty order and final results issued by the United States Department of Commerce, International Trade Administration (ITA) in the §751 investigation of *Pea Protein from the People's Republic of China*, *Federal*

*Register* notice published as *Certain Pea Protein From the People's Republic of China: Antidumping and Countervailing Duty Orders* at 89 Fed. Reg. 68,390 (August 26 , 2024).

2. The United States Court of International Trade has exclusive jurisdiction over this action pursuant to 28 U.S.C. §1581(c) because the action is commenced under §516A of the Tariff Act of 1930, 19 U.S.C. §1516a.

## STANDING

3. Plaintiffs Zhaoyuan Junbang Trading Co., Ltd., Linyi Yuwang Vegetable Protein Co., Ltd., Shandong Yuwang Ecological Food Industry Co., Ltd., Fenchem Biotek Ltd, Jianyuan International Co., Ltd., Yosin Biotechnology (Yantai) Co., Ltd., and Yosin Import and Export (Yantai) Co., Ltd are Corporations organized under the laws of the People's Republic and/or Hong Kong.  Plaintiffs produced and/or exported Pea Protein in the People's Republic and exported the same to the United States.  All parties were active participants in the Department of Commerce antidumping duty investigation and plaintiff Zhaoyuan Junbang Trading Co., Ltd was designated as a mandatory respondent in the investigation.

4. Pursuant to 19 U.S.C. §1516a(2), all plaintiffs are interested parties as defined in 19 U.S.C. §1677(9)(A) as all plaintiffs were parties to the proceeding in connection with which this matter arises.

5. Plaintiffs have standing under 28 U.S.C. §2631(c) to commence

this action.

## TIMELINESS OF THIS ACTION

6. Plaintiffs commenced this action by filing a Summons with this Court on September 24, 2024, which was within thirty days after the date of the publication of the order in the *Federal Register*. Plaintiffs are filing this complaint on October 23, 2024, which is within thirty days from the date of the filing of the Summons. In accordance with Rule 6(a) this satisfies the timeliness requirement in accordance with 19 U.S.C. §1516a(a)(2)(A).

## THE ADMINISTRATIVE PROCESS

7. On August 7, 2023 the Department initiated this matter in response to the petition filed by the U.S. domestic industry on July 12, 2023. See Certain Pea Protein From the People's Republic of China: Initiation of Less- Than-Fair-Value Investigation, 88 Fed. Reg. 52124 (August 7, 2023).

8. Between August 16, 2023 and January 18, 2024, plaintiffs submitted Separate rate applications and responses to the Department's questionnaires.

9. On February 13, 2024 the Department published the preliminary results as *Certain Pea Protein From the People's Republic of China: Preliminary Affirmative Determination of Sales at Less Than Fair Value, Preliminary Affirmative Determination of Critical Circumstances, Postponement of Final Determination, and Extension of Provisional Measures*. 89 Fed. Reg. 10038

(February 13, 2024).   Plaintiff Jungbang was placed in the China-Wide entty category with a rate of 280.31.   The other plaintiffs were assigned a combination rate of 122.19%.

10. On _March 21, 2024, plaintiffs filed an administrative case brief with the Department of Commerce challenging the preliminary results.

11. On March 29, 2024 the domestic industry filed an administrative rebuttal brief with the Department of Commerce,

12. On June 28, 2024, the Department issued the final results.  On July 5, 2024,  these results were published in the Federal Register as *Certain Pea Protein From the People's Republic of China: Final Affirmative Determination of Sales at Less Than Fair Value and Final Affirmative Critical Circumstances Determination* at   89 Fed. Reg. 55559 (July 5, 2024).   In the final results the Department found that plaintiff Junbang had not established that they were entitled to a separate rate and assigned them the "china-wide" rate of 280.31%, , a rate based on total adverse facts.   The Department made a similar determination for the other mandatory respondent and thus assigned a rate for the separate rate respondents of 122.19%.

13. On August 26, 2024, the Department published the antidumping duty order in the Federal Register as *Certain Pea Protein from the People's Republic of China: Antidumping and Countervailing Duty Orders* at 89   Fed. Reg. 68,390 (August 26 , 2024)

## STANDARD OF REVIEW

14. The standard of review of a final determination made by the Department of Commerce in an antidumping case is set forth in 19 U.S.C. § 1516a(b)(1)(B)(I) as follows: "The Court shall hold unlawful any determination, finding or conclusion found . . . to be unsupported by substantial evidence on the record, or otherwise not in accordance with law." Therefore, the Court must remand any administrative determination made by the Department, which is unsupported by substantial evidence on the record as a whole or is otherwise not in accordance with law. *Koyo Seiko Co. v. United States*, 796 F. Supp. 1526, 1528, 16 CIT 539 (1992). Decisions of the Commerce Department "must be supported by adequate reasoning *Taian Ziyang Food v. United States*, 33 CIT , Slip Op. 09-67 (June 29, 2009) at 74 and 109; *Jinan Yipin Corp. v. United States*, 33 CIT , Slip Op. 09-70 (July 2, 2009) at 11; *Carpenter Technology, et al. v. United States*, 33 CIT , Slip Op. 09-134 (November 23, 2009) at 13. "Substantial evidence on the record means 'more than a mere scintilla' and 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion,' taking into account the entire record, including whatever fairly detracts from the substantiality of the evidence." *Atlantic Sugar, Ltd. v. United States*, 2 Fed. Cir. 130, 136, 744 F.2d. 1445, 1452 (1984) (footnote omitted).

15. Pursuant to *Loper Bright Enterprises, et al., Petitioners, v. Gina*

*Raimondo, Secretary of Commerce, et al.* 144 S. Ct. 2244 (2024), which struck down the concept of *Chevron* deference, the ultimate interpretation of the statute is left to the Court.

16. This Court must hold as unlawful any decision by the Department, which is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, and not supported by substantial evidence on the record.

## CLAIMS

## COUNT ONE

17. The allegations of paragraphs 1 through 16 are incorporated by reference and restated as if fully set forth herein

18. The Department's decision to refuse to grant Junbang separate rate status is unsupported by facts or law.

19. The Department's determination that the local government exercises control and influence over Junbang's export activities and general operations is contrary to law and fact.

20. The Department's determination that the party organization and party committee referenced in the Articles of Association are "government bodies" is contrary to fact and law.

21. The Department's determination that the registration of a legal representative with the registration authority converts this legal representative into a state official or state controlled official is contrary to fact and law.

22. The Department's determination that a working relationship between an individual and a town results in the individual being state controlled is contrary to fact and law. The courts have found that membership in organizations such as local legislative bodies do not have the authority to set government policy and are not state-controlled.

23. The Department's determination that Shuangta, the controlling entity of Junbang is state controlled ignores the fact that Shuangta is a publicly traded entity. A publicly traded entity is inherently not state controlled.

24. The Department's determination that Junbang is not eligible for a Separate Rate is contrary to the totality of the record.

## COUNT TWO

25. The allegations of paragraphs 1 through 16 are incorporated by reference and restated as if fully set forth herein

26. Plaintiff Junbang is a 100% subsidiary of listed company Shuangta Food.

27. A publicly traded company is ultimately controlled by its shareholders. The identity of the shareholders is fluid. A public company is necessarily not state-controlled. The Department ignored this critical fact in its determination.

28. The Department's determination that Junbang, a wholly owned subsidiary of a public company, is not eligible for a separate rate is contrary to law.

## COUNT THREE

29. The allegations of paragraphs 1 through 16 are incorporated by reference and restated as if fully set forth herein.

30. The Department normally issues a rate for separate respondents based on the rates of the mandatory respondents. In this matter, due to a finding that neither mandatory respondent was entitled to its own separate rate, there was no rate upon which to base the rate of the separate rate respondents. If the Department calculates a rate for one or both of the mandatory respondents, it should recalculate the rate for the separate rate respondents.

## PRAYER FOR RELIEF

WHEREFOR, the plaintiffs respectfully request that this Court enter judgment as follows:

1. Sustaining counts one to three of plaintiffs' complaint;

2. Remanding this matter to the Department of Commerce for issuance of a determination consistent with the decision of this court;

3. Awarding attorney fees and costs; and

4. Providing such other relief as the court may deem just and appropriate.

                              Respectfully submitted,

                              /s/ David J. Craven

                              David J. Craven
                              Counsel to Zhaoyuan Junbang Trading Co., Ltd., Linyi Yuwang Vegetable Protein Co., Ltd., Shandong Yuwang Ecological Food Industry Co., Ltd., Fenchem Biotek Ltd, Jianyuan International Co., Ltd., Yosin Biotechnology (Yantai) Co., Ltd., and Yosin Import and Export (Yantai) Co., Ltd

                              Craven Trade Law LLC
                              3744 N Ashland
                              Chicago, IL 60613
                              (773) 245-4010
                              dcraven@craventrade.com

Date October 22, 2024